UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| PATRICK DUNCAN, Institutional ID No. 57620, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 6:12-CV-041-BL |
| TOM GREEN COUNTY JAIL, *et al.*, | § § § § | ECF |
| Defendants. | § | Referred to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION

Plaintiff Patrick Duncan, proceeding *pro se* and *in forma pauperis*, has filed a civil rights action pursuant 42 U.S.C. § 1983. Duncan was confined at all times relevant to the claims in his complaint in the Tom Green County Jail in San Angelo, Texas. He is currently confined at the Estelle Unit of the Texas Department of Criminal Justice - Institutional Division in Huntsville, TX.

### I. FACTUAL AND PROCEDURAL BACKGROUND

In his complaint, (Doc. 1), against Defendants Tom Green County Jail and Officer Gwayne, as developed by his questionnaire response, (Doc. 26), Duncan claims that at 8:30pm on April 19, 2012, he was assaulted for about ten minutes by a fellow inmate in the recreation area, following which he sought and received medical treatment for his injuries.

Duncan is seeking declaratory and injunctive relief (including a reduction in his sentence), and an award of damages for his pain and suffering. He has not indicated whether or not he consents to proceed before the U.S. magistrate judge pursuant to pursuant to 28 U.S.C. § 636(c).

## II. ANALYSIS

In both proceedings *in forma pauperis* and civil actions brought by a prisoner against a governmental entity, officer, or employee, the court is required under 28 U.S.C. §§ 1915-1915A to dismiss the complaint or any portion of the complaint if the complaint is frivolous or malicious or fails to state a claim on which relief may be granted. These provisions thus apply to this *in forma pauperis* prisoner civil rights action. *Harris v. Hegmann,* 198 F.3d 153, 156 (5th Cir. 1999). "An [*in forma pauperis*] complaint may be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) if it has no arguable basis in law or in fact." *Ruiz v. United States,* 160 F.3d 273, 274-75 (5th Cir. 1998). A claim has no arguable basis in law or fact if it is based on an indisputably meritless legal theory or if, after providing the Stewart the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998). The court is authorized *sua sponte* to test whether the proceeding is frivolous or malicious even before the service of process or before an answer is required to be filed. *Ali v. Higgs,* 892 F.2d 438, 440 (5th Cir. 1990); *see also* 42 U.S.C. § 1997e(c)(1). A questionnaire or evidentiary hearing may be used to assist the court in determining whether the case should be dismissed under these provisions. *See Watson v. Ault,* 525 F.2d 886, 892 (5th Cir. 1976) (use of questionnaire to develop the factual basis of the plaintiff's complaint); *Spears,* 766 F.2d 179 (use of an evidentiary hearing).

In order to state a claim under § 1983, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *Moore v. Willis Indep. Sch. Dist.,* 233 F.3d 871, 874 (5th Cir. 2000). Plaintiff claims that TDCJ officials were deliberately indifferent to his health and safety by allowing him to be assaulted by a fellow inmate.

In its prohibition of cruel and unusual punishment, the Eighth Amendment to the Constitution imposes restraints on prison officials who must "take reasonable measures to guarantee the safety of the inmates." *Hudson v. Palmer,* 468 U.S. 517 (1984). This duty includes protecting prisoners from the violence of other prisoners. *Wilson v. Seiter,* 501 U.S. 294, 303 (1991) (referring to the protection of an inmate as a condition of confinement). Prison officials, however, are not liable under the Eighth Amendment for every injury suffered by one prisoner at the hands of another. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). To violate the Cruel and Unusual Punishment Clause in cases regarding conditions in a prison, the prison official must have a state of mind of deliberate indifference to the inmate's health or safety. *Wilson,* 501 U.S. at 302-03. A prison official may thus violate the Eighth Amendment if he is deliberately indifferent to an inmate's health or safety. *Farmer,* 511 U.S. at 834.

The Supreme Court, in *Farmer v. Brennan*, defined the proper test for determining deliberate indifference in prison conditions cases. 511 U.S. 825 (1994). The Court held that, in these cases, an official is not liable "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. "[A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842. "To prevail on a section 1983 failure to protect claim, a prisoner must demonstrate that 'he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection.'" *Jones v. Greninger,* 188 F.3d 322, 326 (5th Cir. 1999) (quoting *Newton v. Black,* 133 F.3d 301, 308 (5th Cir. 1998)). In other words, the prison official must be subjectively aware of a

substantial risk of serious harm to the inmate and fail to protect the inmate from that harm. *Farmer*, 511 U.S. at 839-40. Thus, the "'failure to alleviate a significant risk that [the official] should have perceived, but did not' is insufficient to show deliberate indifference." *Domino v. Tex. Dep't of Crim. Justice,* 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Farmer*, 511 U.S. at 838). A claimant, however, may rely on circumstantial evidence indicating that because the risk was obvious, the official must have known of the risk to the inmate. *See Hope v. Pelzer*, 536 U.S. 730, 738 (2002). Mere negligence or neglect, however, does not constitute deliberate indifference. *Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir. 1979). "The legal conclusion of 'deliberate indifference,' therefore, must rest on facts clearly evincing 'wanton' actions on the part of the defendants." *Hall v. Thomas*, 1909 F.3d 693, 697 (5th Cir. 1999) (quoting *Farmer*, 511 U.S. at 834).

In his complaint and questionnaire response, Duncan alleges that he was assaulted on a single occasion, on April 19, 2012, by a fellow inmate. This was after he complained to the officer taking him to recreation that he preferred to go alone. Duncan's allegations, accepted as true, fail to demonstrate that any named Defendant was aware of a substantial risk of serious harm and ignored such risk, *Farmer*, 511 U.S. at 838, nor do his allegations demonstrate that the risk was obvious. *Hope*, 536 U.S. at 738. Nothing in Duncan's allegations indicates that Gwayne's actions were "wanton." *Farmer*, 511 U.S. at 834.

At most, Duncan's allegations indicate that any violation of jail policy as to the manner in which Duncan or other inmates were brought to recreation was negligent. However, mere negligence is insufficient to support a cognizable claim for deliberate indifference. *Fielder*, 590 F.2d at 107. Accordingly, Duncan's claims for deliberate indifference to his health or safety against the Defendants lack an arguable basis in law or fact, and should be dismissed with prejudice.

## III. CONCLUSION

Having carefully considered Plaintiff's factual allegations in his complaint and questionnaire response, and his claims therein, the court finds that Plaintiff has failed to state cognizable constitutional claims.

**IT IS, THEREFORE, RECOMMENDED** that the United States district judge **dismiss this case with prejudice**.

**IT IS ORDERED** that the transfer of this case to the United States magistrate judge is terminated, and the case is hereby transferred to the docket of United States District Judge Sam R. Cummings.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.

The clerk shall mail a copy of this order to Plaintiff at his last known address by certified mail, return receipt requested, and to all other counsel of record by first class mail or electronically.

DATED this 17th day of January, 2013.

E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**